1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11  PRESTON TAYLOR,                              )   Case No.: 1:20-cv-00798-NONE-SAB (PC)
                                                 )
12            Plaintiff,                         )
                                                 )   ORDER DENYING PLAINTIFF'S EX PARTE
13       v.                                      )   MOTION TO MODIFY THE SCHEDULING
                                                 )   ORDER
14  COMMISSIONER OF CALIFORNIA                   )
    DEPARTMENT OF CORRECTIONS AND                )   (ECF No. 45)
15  REHABILITATION, et al.,                      )
                                                 )
16            Defendants.                        )
                                                 )
17  _____    )

18       Plaintiff Preston Taylor is proceeding in forma pauperis in this civil rights action pursuant to

19  42 U.S.C. § 1983.

20       Currently before the Court is Plaintiff's ex parte motion to modify the scheduling order, filed

21  December 14, 2021.  Plaintiff's motion was improperly filed ex parte.

22       "In our adversary system, ex parte motions are disfavored." Ayestas v. Davis, ___ U.S. ___,

23  138 S. Ct. 1080, 1091, 200 L.Ed.2d 376 (2018); accord United States v. Thompson, 827 F.2d 1254,

24  1257 (9th Cir. 1987). Consequently, "opportunities for legitimate ex parte applications are extremely

25  limited."  Maxson v. Mosaic Sales Sol. U.S. Operating Co.,LLC., No. 2:14-CV-02116-APG, 2015 WL

26  4661981, at *1 (D. Nev. July 29, 2015) (quoting In re Intermagnetics Am., Inc., 101 B.R. 191, 193

27  (C.D. Cal. 1989)).

28

                                                    1

1    A proper ex parte motion must "address ... why the regular noticed motion procedures must be

2  bypassed," thus, "it must show why the moving party should be allowed to go to the head of the line in

3  front of all other litigants and receive special treatment." Mission Power Eng'g Co. v. Cont'l Cas. Co.,

4  883 F. Supp. 488, 492 (C.D. Cal. 1995). This requires the moving party to "show that the moving

5  party's cause will be irreparably prejudiced if the underlying motion is heard according to regular

6  noticed motion procedures" and "that the moving party is without fault in creating the crisis that

7  requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id.

8    Plaintiff does not meet the requirements for filing an ex parte application.  Plaintiff has failed

9  to demonstrate the need to rule on the motion to modify the scheduling order ex parte other than the

10  mere fact that Defendant opposes the extension.  In addition, the fact that the motion was filed on the

11  date the discovery deadline was set to expire does not warrant an ex parte application.  Thus, Plaintiff

12  has failed to demonstrate why this motion cannot be brought as a regularly *noticed* motion, and

13  counsel should refrain from filing ex parte requests that do not meet the applicable requirements.

14    Accordingly, it is HEREBY ORDERED that Plaintiff's request to hear the motion to modify

15  the scheduling order (ECF No. 45) s denied, without prejudice.

16

17  IT IS SO ORDERED.

18  Dated:   **December 15, 2021**                          _____

19                                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

2