**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRESTON TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00798-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND MOTION TO REOPEN DISCOVERY<br><br>(ECF Nos. 44, 50) |

Plaintiff Preston Taylor is proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend the complaint and motion to reopen discovery, filed December 10, 2021 and December 22, 2021, respectively.  Defendant filed an opposition December 24, 2021 and January 5, 2022.  Defendant did not file a reply.

## I.

## PROCEDURAL HISTORY

This case is proceeding against Defendant Turner for excessive force and against Defendant John Doe for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Defendant P. Turner filed an answer to the complaint on December 14, 2020.

///

1

After the case did not settle at the settlement conference, the Court issued the discovery and scheduling order on February 19, 2021.

On August 18, 2021, the Court approved the parties stipulation to extend the discovery and dispositive motion deadlines.  (ECF No. 36.)

On October 19, 2021, the Court approved the parties stipulation to extend the deadline to amend the pleadings.  (ECF No. 40.)

On October 28, 2021, this Court issued an order re clarification.  (ECF No. 41.)

On November 19, 2021, Defendant filed a request for clarification of the Court's October 28, 2021 order.  (ECF No. 42.)

On November 29, 2021, a minute order was issued stating, " 'The order of clarification (ECF No. 41) was not intended to stay any deadlines in this matter. It merely advised the parties that they "should expect that no matter in [this] case[] will be addressed by a district judge.' The order of clarification also indicates that the assigned magistrate judge may 'elect to stay discovery and other proceedings in [this case] entirely or may allow proceedings that do not require the attention of a district judge to continue to move forward' In the absence of action by the assigned magistrate judge affirmatively staying discovery, discovery deadlines remain in place signed by District Judge Dale A. Drozd on November 29, 2021." (ECF No. 43.)

On December 10, 2021, Plaintiff filed a motion to amend the complaint.  (ECF No. 44.) Defendant filed an opposition on December 24, 2021.  (ECF No. 51.)  Plaintiff did not file a reply.

On December 22, 2021, Plaintiff filed a motion to reopen discovery and set a hearing date of January 5, 2022.  (ECF No. 50.)  On December 28, 2021, the Court reset the hearing to January 12, 2022.  (ECF No. 52.)  Defendant filed an opposition on January 5, 2022.  (ECF No. 53.)  Plaintiff did not file a reply.

## II.

## DISCUSSION

### A.    Motion to Amend

The deadline to amend the pleadings passed on November 1, 2021.  As Plaintiff's request to amend is filed after the expiration of the scheduling order for amendment, the Court must apply the

2

standard for amending the scheduling order under Federal Rule of Civil Procedure 16, rather than the more liberal amendment standard under Rule 15.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline expired).

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

 "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Plaintiff seeks leave to amend the complaint to replace Doe 1 as lieutenant E. Burden and to add nurse Smith as a Defendant and claim for negligence.  Defendant opposes Plaintiff's amendment on the ground that Plaintiff failed to act with due diligence and is arguably acting in bad faith.

///

///

Plaintiff submits that counsel determined nurse Smith should be added as a defendant given her role in Plaintiff's medical treatment, and a claim for negligence is viable on the same facts as set forth in the operative complaint.  In addition, on December 8, 2021, during defense counsel's questioning at Plaintiff's deposition, Plaintiff determined the identify of Doe 1 as lieutenant E. Burden.  Plaintiff argues good cause exists to replace Doe 1 as lieutenant E. Burden, given Plaintiff recently discovered the identity at his deposition on December 8, 2021, and good cause exists to add nurse Smith as a Defendant and add a claim of negligence, because Plaintiff inadvertently failed to name nurse Smith and excluded a negligence claim as a pro se litigant.

Plaintiff's motion to amend should be denied in part and granted in part.  Defendant initially agreed to a 60-day continuance, to October 18, 2021, to allow Plaintiff to amend the complaint, yet Plaintiff failed to do so.  (Jameson Decl. ¶¶ 3, 5.)  On the eve of October 18, 2021, at Plaintiff's request, Defendant informed Plaintiff that he would not oppose extending the deadline to amend the pleadings again, to November 1, 2021.  (Id. ¶¶ 5, 7.)  However, despite being granted an additional fourteen days to amend the pleadings, Plaintiff failed to fail an amended complaint by November 1, 2021.  (Id. ¶ 10.)  Rather, on November 1, 2021 at 12:00 p.m., Plaintiff emailed a copy of the proposed amended complaint to Defendant and requested a stipulation.  (Id.)  Defendant declined to stipulate to the amendment because there was insufficient time to review the proposed amended complaint, and because Plaintiff added new causes of action and new Defendants that had not been previously discussed.  (Id.)

Plaintiff has failed to act diligently in seeking to amend the complaint to add nurse Smith and a claim of negligence.  Despite the November 1, 2021 amendment deadline, Plaintiff did not seek to amend the complaint until December 10, 2021.  Plaintiff was well aware (or should have been aware) of the allegations against nurse Smith and a claim for negligence based on the allegations in the original complaint filed on June 9, 2020.  (ECF No. 1.)   Therein, Plaintiff alleged, in pertinent part,

> I was escorted to medical LVN Talley and RN Smither informed John Doe a Superior C/O whose name I did not know, but could identify, that I needed to be sent to the outside hospital to receive proper examination, being shot in the head, a severe injury.

> I was left just sitting with a major migraine, dizzy and a swollen head.  I asked the nurse why am I just sitting here?

4

> That when I overheard RN Smith tell LVN Talley that C/O John Doe, who is not in the medical field nor a doctor say not to send me to the outside hospital, warranting unethical misconduct of the John Doe C/O Superior of a severe blunt force trauma head injury.

(ECF No. 1, Compl. at 5.)

Based on Plaintiff's allegations, it is clear that he was aware of the identify and actions of nurse Smith and any potential negligence claim well before the November 1, 2021 amendment deadline.  The fact that Plaintiff believed (albeit mistakenly) that the Court's October 28, 2021 stayed the action does not assist him as he had several months prior to the November 1, 2021 deadline to file a motion to amend but failed to do so.

The situation is different with regard to Defendant lieutenant E. Burden.  The Court's screening order found that Plaintiff stated a cognizable claim against Defendant P. Turner for excessive force and against Defendant John Doe for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  (ECF No. 16.)  Plaintiff submits that he did not discover the identity of the Doe Defendant until Plaintiff's deposition on December 8, 2021, and Defendant does not dispute this fact.  Plaintiff filed the instant motion to amend on December 10, 2021, just two days after obtaining knowledge of the Doe Defendant.  Therefore, the Court finds good cause under Federal Rule of Civil Procedure 16(b).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  AmerisourceBergen Corp., 465 F.3d at 951.  Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens

5

v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The burden to demonstrate prejudice falls upon the party opposing the amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Further, undue delay alone is insufficient to justify denial of a motion to amend.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

In opposing amendment as to deliberate indifference claim against, Defendant argues any claim is not exhausted.  However, the Court cannot and will not evaluate exhaustion of the administrative remedies raised by way of opposition to a motion to amend as it is an affirmative defense to be proven by Defendant.  See Albino v. Baca, 747 F.3d 1162, 2269 (9th Cir. 2014) (en banc) (dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure).  Accordingly, the Court recommends that Plaintiff's motion to amend be granted with respect to Defendant Doe 1, lieutenant E. Burden and denied as to Defendant nurse Smith.

## B.    Motion to Reopen Discovery

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Green Aire for Air Conditioning W.L.L. v. Salem, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.' ").  As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous

piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' ") (citation omitted).

Good cause requires a showing of due diligence. Johnson, 975 F.2d at 609; Sprague v. Fin. Credit Network, Inc., No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. Handel v. Rhoe, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 974 F.2d at 608-609.)

The discovery deadline expired on December 14, 2021.  Plaintiff seeks to reopen discovery for at least three months for the limited purpose of deposing two witnesses, nurse Smith and lieutenant Burden.

On August 12, 2021, the parties stipulated for a 60 day extension of the discovery and dispositive motion deadlines.  On August 18, 2021, the parties met and conferred and defense counsel agreed to provide initial disclosures documents.  On September 20, 2021, while Plaintiff's counsel was attending trial lawyers' college, Defendant served the initial disclosures without documentation.  (Neal Decl. ¶ 4.)

On October 18, 2021, Plaintiff submitted a stipulation to extend the deadline to amend the pleadings to November 1, 2018.  (ECF No. 39.)  The stipulation was approved on October 19, 2021. (ECF No. 40.)  Defendant submits that Plaintiff filed the stipulation, without Defendant's review and with an attestation that Defendant concurred in the content of the stipulation and had authorized its filing.  (Jameson Decl. ¶ 5.)

///

///

7

On October 28, 2021, the Court issued an order re:clarification.  (ECF No. 41.)  Plaintiff submits that he was under the impression that the October 28, 2021 order stayed all deadlines in the case.  (Neal Decl. ¶ 5.)  Plaintiff therefore decided not to file a Motion to Amend the Complaint by the November 1, 2021 deadline to amend the pleadings, despite the fact the motion was completed before the deadline, and to wait to subpoena Nurse Smith's deposition.  Plaintiff also did not move forward in scheduling his potential November 30th deposition, due to counsel's understanding that the case was stayed.  (Id.)

On November 18, 2021, Plaintiff mad his first request to depose a witness in this case—Defendant, in early December.  (Jameson Decl. ¶ 12.)

On November 19, 2021, Defendant filed a request for the Court to clarify whether or not the discovery deadlines in the case were stayed pursuant to the October 28, 2021 order.  (ECF No. 42.)

On November 29, 2021, the Court indicated that the October 28, 2021 order was not intended to stay any deadlines in this matter.  (ECF No. 43.)

On December 8, 2021, during Plaintiff's deposition he discovered Doe 1's identity as lieutenant E. Burden.  (Neal Decl. ¶ 10.)  During a meet and confer conference, Defendant expressed that he would not provide initial disclosure documents and that he could not accept service of a deposition subpoena for Nurse Smith.  (Neal Decl. ¶ 11; Jameson Decl. ¶ 14.)

On December 10, 2021, Plaintiff filed a motion for leave to replace Doe 1 as lieutenant E. Burden, add nurse Smith and add a claim for negligence.  (ECF No. 44.)

On this same date, Defendant served the documents identified in the initial disclosures.  (Neal Decl. ¶ 14.)

On December 21, 2021, the parties filed a stipulation allowing Plaintiff to take Defendant Turner's deposition on or before March 1, 2022, which was approved by the Court.  (ECF Nos. 48, 49.)

Plaintiff did not act with due diligence in pursuing discovery with regard to nurse Smith.  Discovery in this action began on February 19, 2021 and expired on December 14, 2021.  Plaintiff did not make his first request to depose a witness in this case—Defendant—until mid-November approximately a month before the discovery deadline.  Defendant agreed and offered to be deposed

anytime during the second week of December, December 6-10, 2021.  (Jameson Decl. ¶ 12.)
However, Defendant did not hear back from Plaintiff.  (Id.)

On December 8, 2021, six days prior to the discovery deadline, Plaintiff contacted Defendant for the first time with a request to take the deposition of non-party, non-represented, nurse Smith. (Jameson Decl. ¶ 14.)  Defendant informed Plaintiff that he was not authorized to accept a subpoena on behalf of a non-part, and to serve the subpoena for the deposition on nurse Smith by way of the California Department of Corrections and Rehabilitation (CDCR) directly.  (Id.)  However, Plaintiff did not subpoena nurse Smith's deposition, and discovery closed on December 14, 2021.  (Id.)

For the same reasoning set forth above, the Court finds good cause to extend the discovery deadline for the purpose of conducting the deposition of Defendant Doe 1, lieutenant E. Burden as the identity was discovered by Plaintiff on December 8, 2021.  However, with regard to nurse Smith, Plaintiff has had over ten months to complete depositions, yet failed to conduct any depositions of any party (despite knowledge of nurse Smith's identity since June 2020), including Defendant.[1]  Plaintiff simply waited idly until a month before the discovery was set to expire to attempt to conduct a deposition.  Plaintiff offers no good explanation for waiting so long to conduct any depositions in this matter.  By engaging in such dilatory conduct, Plaintiff has not at all acted diligently to complete discovery by the deadline set by the Court.

Plaintiff argues that his "diligent efforts to locate witnesses and parties central to his claims is evidenced by his repeated requests for Defendant's initial disclosure[] documents."  However, Plaintiff fails to demonstrate that the initial disclosure documents provided on December 10, 2021, were necessary to conduct discovery relevant to nurse Smith who was identified in the initial complaint filed on June 9, 2020.  (ECF No. 1, Compl. at 5.)  Consequently, Plaintiff has not shown due diligence in conducting discovery and has failed to demonstrate good cause as to why discovery should be reopened as to nurse Smith.  Accordingly, Plaintiff's motion to reopen discovery for the limited

---

[1] Defendant has stipulated to allow Plaintiff to depose Defendant past the discovery deadline, which was approved on December 21, 2021.  (ECF No. 49.)

purpose of taking the deposition of lieutenant E. Burden should be granted and denied as to nurse Smith.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend and motion to reopen discovery be granted as to lieutenant E. Burden and denied as to nurse Smith.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, that parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **January 19, 2022**

UNITED STATES MAGISTRATE JUDGE