# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00798-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 71) |

Plaintiff Preston Taylor is proceeding in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Burden's motion for summary judgment, filed July 22, 2022.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Turner for excessive force and against Defendant Burden for deliberate indifference to a serious medical need.

On December 14, 2020, Defendant Turner filed an answer to the complaint. (ECF No. 21.)

On February 19, 2021, the Court issued the discovery and scheduling order. (ECF No. 31.)

1

On April 14, 2022, Defendant Burden filed an answer to the complaint. (ECF No. 67.)

On July 22, 2022, Defendant Burden filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 71.)

On July 22, 2022, Plaintiff filed a statement of non-opposition to Defendant's motion for summary judgment, which the Court interprets as an acknowledgement that did not exhaust the administrative remedies as to Defendant Burden. (ECF No. 72.)

## II.

## LEGAL STANDARD

### A.    Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they

are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

In arriving at this Findings and Recommendation, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed

facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.

## DISCUSSION

### A.    Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).[1]

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the 2015-2016 version of the regulations which were effective at the time relevant to Plaintiff's claims.

### B.   Summary of Plaintiff's Allegations

On October 13, 2019, Plaintiff was released from assigned cell C2-210 to participate in the evening dayroom recreation program. As Plaintiff headed downstairs, an altercation between inmates ensued approximately thirty feet away from him. Officer Turner yelled, "Get down!" When Plaintiff made it down the stairs, he complied with officer Turner's order. Officer Turner then began firing a 40 MM Block gun and Plaintiff was shot in the back of his head. Neither of the two inmates involved in the altercation were struck by officer Turner's gunfire. Plaintiff's head became swollen and he suffered pain and dizziness.

Plaintiff was eventually escorted to the medical department where nurse Smith informed lieutenant Burden that Plaintiff needed to be transported to the hospital due to his injuries. Plaintiff was given an ice pack and sent back to his cell. Plaintiff was never medically examined, interviewed or photographed on the date of the incident. Plaintiff was called back to the medical department on October 14, 2019 due to severe migraines. Plaintiff was not transported to the hospital until four months after he was shot.

On information and belief, officer Turner has a history of recklessly dislodging firearms. As a direct and proximate result of the above acts and omissions, Plaintiff has suffered and continues to suffer severe physical injuries, including but not limited to, head pain and migraines, as well as emotion distress, anxiety, depression, insomnia and mental anguish.

### C.   Statement of Undisputed Facts[2]

1. Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility (SATF).  (Second Am. Compl., ECF No. 64.)

2. Plaintiff filed his second amended complaint, the operative complaint, on March 25, 2022.  (Id.)

3. Plaintiff alleges in the operative complaint that officer Turner used excessive force by "aimlessly firing his Block gun" on October 13, 2019, causing Plaintiff to be hit in the head.  (Id. at ¶ 22.)

---

[2] Hereinafter referred to as "UF."

1       4.     Plaintiff also alleges that lieutenant Burden violated his Eighth Amendment rights

2 by way of deliberate indifference, because he "told [a nurse] not to send Plaintiff to the hospital"

3 following the incident.  (Id. at ¶ 14.)

4       5.     As an incarcerated inmate, Plaintiff is subject to the Prison Litigation Reform Act

5 (PLRA), which requires inmates to exhaust all available administrative remedies before filing

6 any civil lawsuit under 42 U.S.C. § 1983.  42 U.S.C. § 1997(e)(a).

7       6.     Plaintiff filed one administrative appeal regarding the allegations in this case,

8 appeal log number SATF-C-19-06370.  (Declaration of Howard E. Moseley (Moseley Decl.) ¶¶

9 7-10 Exs 1-3, ECF No. 71-4.)

10       7.     The administrative appeal was exhausted through the Third Level of Review on

11 April 14, 2020.  (Moseley Decl. ¶ 9 Ex. 4.)

12       8.     The administrative appeal only addressed officer Turner's firing of the Block gun,

13 where Plaintiff was allegedly hit in the head.  (Moseley Decl. ¶ 9 Ex. 2.)

14       9.     There is no reference to lieutenant Burden or his alleged actions in this written

15 allegation.  (Moseley Decl. ¶ 9, Ex. 2.)

16       10.    Plaintiff filed one other administrative appeal referencing the incident; however,

17 this was health care appeal SATF-HC-20000191.  (Declaration of K. Martin (Martin Decl.) ¶¶ 8-

18 10 Exs. 1-2, ECF No. 71-3.)

19       11.    Plaintiff did not reference lieutenant Burden or his alleged actions in health care

20 appeal SATF-HC-210000191, either.  (Martin Decl. ¶ 10 Ex. 2.)

21       12.    Plaintiff has not filed any other administrative appeals regarding the subject of

22 this lawsuit.  (Moseley Decl. ¶ 10.)

23       **D.**     **Analysis of Defendant's Motion**

24     Defendant Burden argues that Plaintiff failed to exhaust the administrative remedies for

25 the claims against him.

26     Here, Defendant has submitted undisputed evidence that Plaintiff filed one administrative

27 appeal regarding the allegations in this case, appeal log number SATF-C-19-06370.  (UF 6.)  The

28 administrative appeal was exhausted through the Third Level of Review on April 14, 2020.  (UF

7.) The administrative appeal only addressed officer Turner's firing of the Block gun, where Plaintiff was allegedly hit in the head. (UF 8.) There is no reference to lieutenant Burden or his alleged actions in this written allegation. (UF 9.) Plaintiff filed one other administrative appeal referencing the incident; however, this was health care appeal SATF-HC-20000191. (UF 10.) Plaintiff did not reference lieutenant Burden or his alleged actions in health care appeal SATF-HC-210000191, either. (UF 11.) Plaintiff has not filed any other administrative appeals regarding the subject of this lawsuit. (UF 12.)

Based on the evidence submitted by Defendant Burden and Plaintiff's non-opposition to the motion for summary judgment, it is HEREBY RECOMMENDED that Defendant Burden's motion for summary judgment be granted and Defendant Burden be dismissed from the action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 31, 2022**

UNITED STATES MAGISTRATE JUDGE