UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | Case No. 1:20-cv-00798-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANT TURNER'S MOTION FOR SUMMARY JUDGMENT AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 77, 85) |

Plaintiff Preston Taylor ("Plaintiff") is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 3, 2022, the assigned United States Magistrate Judge issued findings and recommendations recommending Defendant Turner's motion for summary judgment be denied. (ECF No. 85.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days after service. (*Id*. at 11-12.) Defendant filed objections on November 23, 2022. (ECF No. 86.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendant's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

First, Defendant argues that the findings and recommendations erred by relying on the contradicted declaration of Plaintiff to create reasonable inferences to conclude that there is a genuine dispute of material fact in relation to the excessive force finding.  (ECF No. 86 at 2.)  An affidavit is a sham only where the inconsistency between a party's deposition testimony and the subsequent affidavit is "clear and unambiguous."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998-99 (9th Cir. 2009).  As the Magistrate Judge reasoned, Plaintiff's declaration and deposition testimony are not so obviously inconsistent as to render the declaration a sham.  (ECF No. 85 at 8.)  Accordingly, the Court agrees with the findings and recommendations and will not strike Plaintiff's declaration as a sham.

Second, Defendant asserts that the findings and recommendations erred by relying on two additional pieces of information to find that there was a dispute of fact: (1) the findings asserted that Plaintiff, in deposition, asserted that he was looking at Defendant Turner when he was shot; and (2) the findings asserts that Plaintiff asserted he saw Defendant Turner point his launcher at Plaintiff's direction. (ECF No. 86 at 3-4.)  As the Magistrate Judge had explained in his findings and recommendations, a genuine issue of material fact as to Plaintiff's excessive force claim exists.  Defendant Turner claimed he initially aimed his launcher at inmate Earle and then at inmate Kirkland, and never aimed the launcher or shot at Plaintiff.  (Turner Decl. ¶¶ 3-5.)  However, Plaintiff submits that he was shot in the head with a 40 MM launcher after the inmate fight ended and while Plaintiff was away from the involved inmates.  Given the existence of genuine issues of material facts, the outcome of the case will turn on the jury's credibility determination.

With respect to the qualified immunity claim, Defendant Turner argues that the undisputed facts show that it would have been reasonable and lawful for him to use his 40 mm launcher to quell the tensions. (ECF No. 86 at 4.)  The Court disagrees.  As the Magistrate Judge reasoned, there is a genuine issue over whether the fight between inmates was over when Defendant Turner aimed and shot at Plaintiff.  (ECF No. 85 at 11.)  Therefore, Defendant Turner is not entitled to qualified immunity.

///

Accordingly,

1. The findings and recommendations issued on November 3, 2022, (ECF No. 85), are ADOPTED in full;
2. Defendant Turner's motion for summary judgment filed on September 22, 2022, (ECF No. 77), is DENIED; and
3. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  January 11, 2023

UNITED STATES DISTRICT JUDGE