UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON TAYLOR,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>   Defendants. | No. 1:20-cv-00798-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED<br><br>(ECF No. 116) |

**I.**

**BACKGROUND**

On July 27, 2023, the parties reached a settlement agreement which was placed on the record, and the parties were directed to file dispositional documents within thirty days, i.e., on or before August 28, 2023. (ECF No. 107, 109.) After the parties failed to timely file the dispositional documents, the Court issued an order to show cause on September 5, 2023. (ECF No. 110.) Defendant filed a response on September 7, 2023, and Plaintiff filed a response on September 8, 2023. (ECF Nos. 111, 112.) The parties submitted that the dispositional documents were not filed because they were in discussions as to the appropriate language regarding attorneys' fees and costs. (Id.)

On October 10, 2023, Plaintiff filed a motion for attorneys' fees and costs. (ECF No. 116.) Defendant filed a response on October 18, 2023. (ECF No. 121.)

## II.

## DISCUSSION

On April 12, 2021, Plaintiff Taylor retained PLC Law Group, APC to represent him in this lawsuit. (Declaration of Na'Shaun L. Neal (Neal Decl.) ¶ 2.)  Plaintiff entered into a contingency agreement where he agreed to pay for the services of PLC Law Group, APC if he successfully recovers any proceeds. The attorney fee was 40% of the total recovery. (Neal Decl. ¶ 2.)  Plaintiff also agreed to pay cost. (Neal Decl. ¶ 2.)

On July 27, 2023, Plaintiff agreed with Defendant to settle this litigation in the amount of $12,500. (Neal Decl. ¶ 3.) Plaintiff now seeks a Court order for reasonable attorney fees and cost pursuant to Plaintiff's retainer agreement with PLC Law Group, APC. Plaintiff's requested attorney fees is $5,000.

Plaintiff's request recovery of advance cost is $3,728.15.  Plaintiff's counsel exhausted 163 hours on this matter. Plaintiff's counsel billable rate for the attorneys on this matter are $500 (Jr. Associate) and $750 (Sr. Associate).

When calculating an award of attorneys' fees, a district court generally uses the "lodestar" method. See Caudle v. Bristow Optical Co., 224 F.3d 1014, 1028-29 (9th Cir. 2000) (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) and Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). The lodestar is calculated by multiplying the number of hours counsel worked by a reasonable hourly rate. See Caudle, 224 F.3d at 1028-29. After computing the lodestar, the district court assesses whether additional considerations require adjusting the figure. Id.

Here, counsels for Plaintiff expended 163 hours on this case through July 2023, resulting in $91,500.00 attorney fees. (ECF No. 116-1 at 3-4.)  However, Plaintiff only seeks an order for attorney fees in the amount of $5,000 (40% of $12,500 per retainer agreement), and $3,728.15 in costs, totaling $8,728.15.  Defendants agrees to Plaintiff's motion seeking $8,728.15 per the settlement agreement.  (ECF No. 121.)

Per the terms of the settlement agreement and the reasonableness of Plaintiff's counsel's attorneys' fees and costs, Plaintiff's motion should be granted pursuant to California Penal section 2085.8(a).

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for attorneys' fees and costs be granted in the amount of $8.728.15.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2023**

UNITED STATES MAGISTRATE JUDGE

3